# EXHIBIT A

| | DATE FILED: February 14, 2020 3:04 PM<br>FILING ID: 36E5BAFBF0822<br>CASE NUMBER: 2020CV30376 |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 S. Potomac Street<br>Centennial, Colorado 80112 | |
| **DENNIS JONES** and<br>**JAMES WELCH, individually and on behalf of all others similarly situated,**<br><br>       Plaintiffs,<br><br>v.<br><br>**INTRADO LIFE & SAFETY, INC.,**<br>a Delaware Corporation,<br><br>       Defendant. | COURT USE ONLY |
| David H. Miller, Atty Reg. 8405<br>Adam M. Harrison, Atty Reg. 50553<br>THE SAWAYA & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7691<br>Facsimile : (303) 303-7102<br>DMiller@sawayalaw.com<br>AHarrison@sawayalaw.com<br>*Attorneys for Plaintiffs* | Case No:<br><br>Division: |
| **INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT** | |

The Plaintiffs, Dennis Jones ("Jones") and James Welch ("Welch") (collectively, "the Plaintiffs"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm, pursuant to the Fair Labor

1

Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq., and the Colorado Minimum Wage Order, 7 C.C.R. 1103-1 (collectively, "Colorado Wage and Hour Law"), as their Individual, Collective, and Class Action Complaint against the Defendant, Intrado Life & Safety, Inc., a Delaware corporation ("Intrado"), state as follows:

## NATURE OF THE CASE

1. The Plaintiffs, on behalf of themselves and all employees who were subject to Intrado's illegal policies ("the Class Members"), allege that Intrado violated the FLSA and Colorado Wage and Hour Law by failing to pay the Plaintiffs and the Class Members overtime compensation at one and one-half times their regular rates of pay for all of the hours they worked in excess of 40 per week and/or 12 per day.

2. The FLSA and Colorado Wage and Hour Law require employers to pay their employees overtime compensation of one and one-half times their regular rates of pay for the hours employees work in excess of 40 per week. 29 U.S.C. § 207; 7 C.C.R. 1103-1. Colorado Wage and Hour Law also requires employers to pay overtime compensation for the hours employees work in excess of 12 per day or per shift.

3. Intrado violated the FLSA and Colorado Wage and Hour Law by failing to pay the Plaintiffs and other Class Members overtime compensation for all of the hours they worked in excess of 40 per week and/or 12 per day.

4. At all times relevant to this Complaint, Intrado paid the Plaintiffs and the Class Members "overtime" that was calculated using their base rates of pay even though the FLSA and Colorado Wage and Hour Law required Intrado to pay overtime compensation based on a "regular rate" that included shift differentials.

5. The Plaintiffs also allege that Intrado violated Colorado Wage and Hour Law by failing to pay Plaintiffs and other Class Members holiday pay that it promised to them in writing.

6. The Plaintiffs allege that Intrado's violations of the FLSA and Colorado Wage and Hour Law were willful.

7.   The Plaintiffs seek declaratory and injunctive relief, back wages, overtime compensation, liquidated damages, statutory penalties, service payments, reasonable attorney's fees, costs of litigation, and costs of class action administration for themselves and the Class Members.

## PARTIES

8.   The Plaintiffs are Colorado residents whose attorneys, the Sawaya & Miller Law Firm, are located at 1600 Ogden Street, Denver, Colorado 80218. The Plaintiffs are a current employee and a former employee of Intrado who seek to represent a class consisting of hundreds of employees who were subject to Intrado's illegal wage and hour policies.

9.   Defendant Intrado is a Delaware corporation that is primarily involved in telecommunications and public safety. Intrado does business in the State of Colorado out of its Colorado headquarters at 1601 Dry Creek Drive, Longmont, Colorado 80503. Its registered agent is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

10.   At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" of Intrado under the FLSA and Colorado Wage and Hour Law. *See* 29 U.S.C. § 203(e); C.R.S. § 8-4-101(5).

## JURISDICTION AND VENUE

11.   The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

12.   This Court has original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution.

13.   Defendant Intrado's registered agent is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

14.   The facts and circumstances giving rise to this Complaint occurred in the State of Colorado.

15.   Venue is proper under C.R.C.P. 90(c) because Intrado resides in Arapahoe County, Colorado.

# FACTUAL ALLEGATIONS

## A. GENERAL ALLEGATIONS

16. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

17. Intrado is a Delaware company that is primarily involved the businesses of telecommunications and public safety. It is part of Colorado's "Service" and/or "Commercial Support" industries. *See* 7 C.C.R. 1103-1:1-1:2 (2019).

18. From March 14, 2016, to October 10, 2019, Intrado did business under the name of "West Safety Services, Inc." On October 10, 2019, Intrado changed its name to "Intrado Life & Safety, Inc."

19. At its Colorado headquarters, 1601 Dry Creek Drive, Longmont, Colorado 80503 ("Longmont Facility"), Intrado employs approximately 700 individuals at any given time who perform services and support for 9-1-1 calls made by members of the public.

20. At all times relevant to this Complaint, Intrado, the Plaintiffs, and the Class Members were engaged in interstate commerce, using telecommunications equipment that crossed state lines to handle 911 calls and provide telecommunications and technology services across state lines.

21. Jones has been employed by Intrado as an hourly employee at the Longmont Facility since September 2017.

22. Jones' base rate of pay is $27.09 per hour, and he is entitled to a shift differential of 11% for the work he performs on the night shift.

23. Welch was employed by Intrado as an hourly employee at the Longmont Facility from April 2014 to December 2019.

24. Welch's final base rate of pay was $20.11 per hour, and he was entitled to a shift differential of 11% for the work he performed on the night shift and a shift differential of 6% for the work he performed on Saturday and Sunday.

25. Plaintiffs and other Class Members frequently worked more than 40 hours per week and/or 12 hours per day during their periods of employment. Jones estimates that he worked

overtime during 15-20 of the weeks that he was employed. Welch estimates that he worked overtime during at least 40 of the weeks that he was employed.

26. The Plaintiffs and other Class Members also frequently worked on holidays.

27. At all times relevant to this Complaint, Intrado had a policy or practice of paying the Plaintiffs and the Class Members "overtime" that was based only on the Plaintiffs' and the Class Members' base rates of pay, without regard for their earned shift differentials.

28. Intrado did not pay the Plaintiffs and the Class Members overtime compensation at a rate of one and one-half times their regular rates of pay, including differentials, for all of the hours they worked over 40 per week and/or 12 per day.

29. At all times relevant to this Complaint, Intrado had a written policy whereby it promised the Plaintiffs and Class Members that they would receive eight hours of holiday pay for each holiday that they were employed, regardless of whether they were scheduled to work.

30. Intrado also agreed to pay the Plaintiffs and the Class Members double time if they worked on a given holiday.

31. Intrado nevertheless failed to pay the Plaintiffs and other Class Members all of the holiday pay, overtime compensation, and double time that was owed to them. For example, Intrado failed to pay Welch holiday for New Years Day, January 1, 2019.

32. Welch sent multiple demands to Intrado for the overtime compensation and holiday pay that were owed to him, however, Intrado has yet to pay Welch all of his wages.

33. Welch also filed a claim with the Colorado Department of Labor and Employment ("CDLE") regarding Intrado's unlawful failure to pay his wages during one of the months of his employment: January 2019.

34. On December 10, 2019, the CDLE issued a "Notice of Determination" declaring that Intrado's overtime policy was "not in accordance with wage and hour law."

35. The CDLE explained that "[t]he regular rate of pay is used to calculate overtime pay, which is determined by dividing the total remuneration provided to an employee based upon hours actually worked."

5

36. The CDLE further explained that "[r]egular rate of pay includes all compensation paid to an employee including the set hourly rate, shift differential, non-discretionary bonuses, production bonuses and commissions."

37. The CDLE attached a "Notice of Assessment" to its Determination, requiring Intrado to pay Welch wages of $129.10 and penalties of $2,437.70 (which could be reduced to $1,218.85 if Intrado payed what was due within 14 days) for the overtime compensation if failed to pay during January 2019.

38. Despite receiving the CDLE's Determination and Notice of Assessment, Intrado still failed to pay Welch appropriately for all of his overtime.

39. At all times relevant to this Complaint, Intrado was aware or should have been aware of the overtime provisions of the FLSA and Colorado Wage and Hour Law, but failed to pay the Plaintiffs and the Class Members appropriately for their overtime. As such, Intrado's actions towards the Plaintiffs and the Class Members were "willful" as defined by the FLSA and Colorado Wage and Hour Law, and three year statutes of limitations apply to the Plaintiffs' and the Class Members' claims asserted herein.

### B. COLLECTIVE ALLEGATIONS

40. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

41. In addition to bringing their claims in this action individually, the Plaintiffs bring this case as a collective action on behalf of all similarly-situated employees ("FLSA Collective") under 29 U.S.C. § 216(b). The FLSA Collective includes:

> All individuals who worked for Intrado as hourly employees from February 14, 2017 to the present.

42. The FLSA Collective Members are "similarly-situated" under the FLSA because they were all subject to Intrado's illegal policy or practice of failing to pay overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 per week.

43. The Plaintiffs have consented to be part of the FLSA Collective, and their Consents to Join are attached hereto as Exhibit 1.

### C. CLASS ALLEGATIONS

44. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

45. In addition to bringing their claims individually and on behalf of the FLSA Collective, the Plaintiffs also bring this case as a class action under C.R.C.P. 23 on behalf of the following Class Members:

> All individuals who worked for Intrado as hourly employees from February 14, 2017 to the present.

46. The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

   a. The Class consists of hundreds of employees. Joinder of all such employees is impracticable;

   b. There are questions of law and fact that are common to the Class, which questions predominate over issues affecting only individual Class Members, including whether:

      i. Whether Intrado had a policy or practice of failing to pay the Class Members overtime compensation of one and one half times their regular rates of pay for all of the hours that they worked over 40 per week;

      ii. Whether Intrado had a policy or practice of failing to pay the Class Members overtime compensation for all of the hours they worked over 12 per day;

      iii. Whether Intrado had a policy or practice of paying the Class Members all of the holiday pay to which they were entitled under its policies;

      iv. Whether Intrado's policies or practices violated Colorado Wage and Hour Law;

      v. Whether Intrado's policies or practices generally harmed Class Members; and

      vi. Whether Intrado has any defenses for its creation and use of such illegal policies or practices;

c. The Plaintiff's claims are typical of the Class Members' claims because they were denied overtime compensation, and holiday pay in violation of the FLSA and Colorado Wage and Hour Law; and

d. The Plaintiffs will fairly and adequately protect the interests of the Class. They have retained counsel that is experienced in wage and hour class litigation. The Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

47. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Intrado. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. Moreover, Intrado has acted on grounds generally applicable to the Class.

48. On information and belief, no Class Member has expressed any interests in controlling the prosecution of a separate action or commenced their own litigation.

## INDIVIDUAL, COLLECTIVE, AND CLASS CLAIMS

## COUNT I:

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA**

**29 U.S.C. § 201 et seq.**

49. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

50. At all times relevant to this Complaint, Intrado was an "employer" and an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(b), (d), and (s).

51. At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" under the FLSA. 29 U.S.C. § 203(e).

52. Under the FLSA, Intrado was required to pay the Plaintiffs and the Class Members one and one-half times their regular rates of pay for all of the hours they worked over 40 per week. 29 U.S.C. § 207.

53. Intrado violated the FLSA by failing to pay the Plaintiffs and the Class Members overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 per week.

54. Because Intrado was aware, or should have been aware, of the overtime requirements of the FLSA and nevertheless failed to pay overtime compensation as required by the FLSA, the Defendant's violations were willful.

55. Due to its violations of the FLSA, Intrado is liable for back wages for the overtime worked by the Plaintiffs and the Class Members, liquidated damages doubling the amount of wages, reasonable attorney's fees, and the costs of this action. 29 U.S.C. § 216(b).

## COUNT II:

### FAILURE TO PAY WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW

Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

56. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

57. At all times relevant to this Complaint, Intrado was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1:1, 1:2 (2019).

58. At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" of Intrado under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5).

59. Colorado Wage and Hour Law requires employers to make prompt payment of all wages due to employees. C.R.S. § 8-4-103.

60. At all times relevant to this Complaint, Intrado had a written policy whereby it promised to pay the Plaintiffs and the Class Members holiday pay for holidays they were employed but did not work and double time if they worked on a given holiday.

61. Intrado nevertheless failed to pay the Plaintiffs and other Class Members all of the holiday pay and double time that was owed to them.

62. The Plaintiffs' and the Class Members' holiday pay was "vacation pay" under Colorado Wage and Hour Law. C.R.S. § 8-4-101(14)(a)(III).

63. Alternatively, the Plaintiffs' and the Class Members' holiday pay was a "bonus" under Colorado Wage and Hour Law. C.R.S. § 8-4-101(14)(a)(III).

64. Intrado violated Colorado Wage and Hour Law by failing to pay the Plaintiffs and other Class Members all of the holiday pay that was owed to them.

65. Because Intrado was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law, the Defendant's violations were willful.

66. Due to its wage theft in violation of Colorado Wage and Hour Law, Intrado is liable for back wages, statutory penalties under C.R.S. § 8-4-109, reasonable attorney's fees and costs.

## COUNT III:

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW

**Colo. Const. Art. XVIII § 15**
**C.R.S. § 8-4-101 et seq.**
**7 C.C.R. 1103-1 § 4**

67. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

68. Colorado Wage and Hour Law requires employers to pay employees one and one-half times their regular rates of pay for all of the hours employees work over 40 per week, 12 per day, and/or 12 per shift. 7 C.C.R. 1103-1 § 4.

69. Intrado violated Colorado Wage and Hour Law by failing to pay the Plaintiffs and other Class Members one and one-half times their regular rates of pay for all of the overtime hours they worked.

70. Intrado's violations of Colorado Wage and Hour Law were willful.

71. Due to its violations of Colorado Wage and Hour Law, Intrado is liable for back wages, statutory penalties under C.R.S. § 8-4-109, reasonable attorney's fees and costs.

## COUNT IV:

### PROMISSORY ESTOPPEL

72. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

73. Intrado promised to pay the Plaintiffs and the Class Members holiday pay for holidays they were employed but did not work and double time if they worked on a given holiday.

74. The Plaintiffs and the Class Members reasonably relied upon Intrado's promises, remaining employed with the company and working on holidays when scheduled.

75. Intrado broke its promises to the Plaintiffs and the Class Members when it failed to pay them all of their holiday pay and double time, thus causing harm to the Plaintiffs and the Class Members.

76. Under these circumstances, justice, equity, and fairness require that Intrado's promises to the Plaintiffs and the Class Members be enforced.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the FLSA Collective and the Class Members, respectfully ask that the Court enter judgment against the Defendant and award the Plaintiffs and the Class Members:

- A. Conditional certification of the Plaintiff's FLSA claims as a collective action under 29 U.S.C. § 216(b), with notice issued to all Class Members regarding this action;

B. Certification of this case as a class action under C.R.C.P. 23, appointment of the Plaintiffs as class representatives and the undersigned attorneys from the Sawaya & Miller Law Firm as class counsel, and notice of the action to all Class Members;

C. A declaratory judgment condemning the Defendant's willful violations of the FLSA and Colorado Wage and Hour Law;

D. A preliminary injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

E. A permanent injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

F. Actual damages in the amounts promised but not paid to the Plaintiffs and the Class Members;

G. Overtime compensation for all hours worked by the Plaintiffs and the Class Members in excess of 40 per week and/or 12 per day;

H. Back wages for all holiday pay that was improperly withheld from the Plaintiffs and the Class Members;

I. Liquidated damages as provided by 29 U.S.C. § 216(b);

J. All applicable statutory penalties provided under Colorado Wage and Hour Law;

K. Service payments to the Plaintiffs for their services to the Class Members;

L. The Plaintiff's reasonable attorney's fees;

M. The costs of this action;

N. An order requiring the Defendants to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

O. Any other and further relief that may be equitable and just.

Respectfully submitted,

*/s/ Adam M. Harrison*

_____
Adam M. Harrison
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Phone: 303.551.7691
Fax: 303.832.7102
E-mail: dmiller@sawayalaw.com
aharrison@sawayalaw.com

*Attorneys for the Plaintiffs*

13